IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:15-CR-9-9H

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ANTONIO TILLMON, | ) | |
| Defendant. | ) | |

This matter is before the court following a motions hearing on October 26, 2016. For the reasons stated in open court:

1. Government's Motion *in Limine* to Preclude Defendant's Claim of an Entrapment Defense, [D.E. #598], is DENIED. The parties, however, are precluded from using the term entrapment in opening statements.

2. Defendant's Motions to Dismiss Indictment for False Testimony, [D.E. #632], for Newly Discovered Prosecutorial Misconduct and *Brady* Violation, [D.E. #634], and for Outrageous Government Conduct (Renewed), [D.E. #635], are DENIED.

3. Government's Motion *in Limine* Concerning Jury Nullification, [D.E. #599], is GRANTED IN PART as follows:

    a. Defendant shall be precluded from referencing possible consequences of conviction; and

b. Defendant shall be precluded from referencing costs of government's investigation;

   And DENIED IN PART as follows:

   a. Defendant shall not be precluded from referencing allegations of extreme and outrageous conduct in support of a permissible entrapment claim at trial;

   b. Defendant shall not be precluded from calling Special Agent Corey Maser as a witness at trial, but the court reserves the right to limit the scope of her examination as appropriate; and

   c. Defendant shall not be precluded from introducing evidence of his lack of criminal record in support of a permissible entrapment claim.

4. Government's Unopposed Motion *in Limine* to Permit Agents to Testify Using Pseudonyms, [D.E. #601], is GRANTED.

5. Government's Motion *in Limine* to Exclude Improper Expert Testimony, [D.E. #604], is GRANTED IN PART insofar as Defendant shall be precluded from calling Mr. Michael Chapin as an expert witness as proposed and DENIED IN PART as to Dr. Frank Wood and Mr. Roger Boyell.

6. Defendant's Motion to Sequester Government Witnesses, [D.E. #607], is GRANTED. Essential witnesses as provided under the federal rules, however, are allowed to remain in the courtroom.

7. Defendant's Motion *in Limine* to Allow Authentication, [D.E. #608], is GRANTED. The parties, however, shall be precluded from introducing photographs of minor children during opening statements.

8. Defendant's Motion *in Limine* to Allow Impeachment of Government Witnesses While Limiting Admission, [D.E. #609], is DENIED.

9. Defendant's Motion *in Limine* to Prohibit Admission of Recordings, [D.E. #610], is DENIED.

10. Defendant's Motion *in Limine* to Prohibit Disposition Speculation, [D.E. #611], is GRANTED.

11. Defendant's Motion *in Limine* to Prohibit Plea References, [D.E. #612], is GRANTED.

12. Defendant's Motion *in Limine* to Prohibit Testimony Concerning Payments, [D.E. #613], is GRANTED IN PART insofar as the government shall be precluded from introducing evidence of payments made to alleged members of "Rockfish 1" and DENIED IN PART as to payments made to alleged members of "Rockfish 2."

13. Defendant's Motion *in Limine* to Prohibit Witness Speculation, [D.E. #614], is GRANTED.

14. Defendant's Motion to Expedite, [D.E. #638], is DENIED AS MOOT.

15. Government's Motions to Seal, [D.E. #605 and #644], are GRANTED.

16. Defendant's Motion to Seal, [D.E. #639], is GRANTED.

The trial in this matter is hereby SCHEDULED with jury selection to commence at **10:00 a.m. on Monday, February 6, 2017,** at the United States Courthouse in Greenville, North Carolina. Counsel shall appear in chambers at 9:30 a.m. on February 6, 2017, with their proposed witness lists, which shall specifically identify the names and cities of residence of each witness.

Counsel shall file any additional or supplemental motions in limine, proposed voir dire, and requests for jury instructions no later than January 9, 2017. Any responses to additional or supplemental filings shall be filed by January 20, 2017. Estimated trial time is 7 to 9 days.

The government shall file a notice of its proposed method of authenticating synchronized audio/visual recordings at trial no later than December 1, 2016. Defendant shall file any response to this notice by January 2, 2017.

The parties shall have until December 1, 2016, to file any new or revised expert witness reports.

Any delay that results from this continuance of Defendant's trial is excluded from Speedy Trial Act computation pursuant to 18 U.S.C. § 3161(h)(7)(A) for the reason that the ends of

4

justice served by this continuance outweigh the best interests of the public and the defendant in a speedy trial.

This __27^TH__ day of October 2016.

*[signature]*
MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#34