IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
NO. 2:15-CR-9-9H

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | |
| ) | |
| ) | **ORDER** |
| ANTONIO TILLMON ) | |

This matter is before the court on defendant's Renewed Motion for Judgment of Acquittal, [DE #741] and Motion for New Trial, [DE #743]. The government has filed two separate responses to each motion, [DE #816, #817], and defendant has filed an Unopposed Motion for Leave to File a Reply, [DE #818], along with two proposed replies to each of the government's separate responses, [DE #818-1, #818-2]. The court hereby GRANTS defendant's Motion for Leave to File a Reply, [DE #818]. The clerk is directed to file the defendant's proposed replies, [DE #818-1, #818-2]. The time for further filing has expired. These motions are ripe for ruling.

On May 22, 2017, a jury returned a verdict of guilty on each of the nine counts of a multi-count indictment, as to this defendant. At the close of the government's case-in-chief,

defendant had moved for a judgment of acquittal on all counts of the indictment against him. The court granted the motion for a judgment of acquittal as to Count 28, but denied the motion as to all other counts. The defendant then renewed his motion for judgment of acquittal on the remaining nine counts of the indictment at the close of all the evidence. The court denied the motion, and the jury found the defendant guilty of each of the remaining nine counts. The defendant now moves, pursuant to Federal Rule of Criminal Procedure 29, for the court to enter a judgment of acquittal as to each of the nine counts, and in the alternative pursuant to Federal Rule of Criminal Procedure 33(a), to grant a new trial, [DE #741, #743].

## Motion for Judgment of Acquittal

### I. Standard of Review

Rule 29 of the Federal Rules of Criminal Procedure directs the court to enter a judgment of acquittal on any offense charged in an indictment if the evidence is insufficient to sustain a conviction of such offense. Fed. R. Crim. P. 29(a). "A defendant challenging the sufficiency of the evidence to support his conviction bears 'a heavy burden.'" United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (quoting United States v. Hoyte,

51 F.3d 1239, 1245 (4th Cir. 1995)). When reviewing a conviction for insufficiency of evidence, the verdict of a jury must be sustained "if there is substantial evidence, taking the view most favorable to the Government, to support it." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (citing Glasser v. United States, 315 U.S. 60, 80 (1942), superseded by rule on other grounds as stated in Bourjaily v. United States, 483 U.S. 171, 182 (1987)). Substantial evidence is that which "a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Burgos, 94 F.3d at 862.

Reversal for insufficient evidence is reserved for the rare case "where the prosecutor's failure is clear." Burks v. United States, 437 U.S. 1, 17 (1978). The court "may not overturn a substantially supported verdict merely because it finds the verdict unpalatable or determines that another, reasonable verdict would be preferable." Burgos, 94 F.3d at 862.

**II. Analysis**

Defendant argues the court should grant a judgment of acquittal on Counts 1, 2, 32, 33, 34, 36, 48, 49, and 54.

A. Counts 33 and 34

Defendant was convicted by the jury of Attempted Possession with Intent to Distribute One Kilogram or More of a Mixture or

3

Substance Containing a Detectable Amount of Heroin, on or about October 22, 2014, in violation of 21 U.S.C. § 841(a)(1), § 841(b)(1)(A)(i), and § 846 (Count 33), and Using and Carrying a Firearm During and in Relation to a Drug Trafficking Crime Charged in Count 33 and Possessing Said Firearm in Furtherance of Said Drug Trafficking Crime on or about October 22, 2014, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 34).

Defendant now renews his Rule 29 motion, arguing the evidence was insufficient to prove defendant attempted to possess with intent to distribute heroin (Count 33), and consequently, there was no drug trafficking crime to satisfy that element of using and carrying a firearm during and in relation to a drug trafficking crime, (Count 34). Specifically, defendant argues the government's evidence was insufficient to show defendant had the specific intent, required for an attempt offense, of "knowingly and intentionally attempt[ing]" to possess with intent to distribute heroin, as charged in the Indictment, [DE #1 at 36], and Count 33 should therefore be dismissed. See generally Martin v. Taylor, 857 F.2d 958, 961 (4th Cir. 1988)("An attempt crime requires specific intent to commit a crime and some overt act which tends toward but falls short of the consummation of the crime.") Defendant contends therefore, the evidence was necessarily insufficient to convict defendant on Count 34.

4

It is undisputed by the parties that the government had to prove defendant "knowingly and intentionally" attempted to possess with intent to distribute heroin on October 22, 2014, for a jury to find defendant guilty of Count 33. Agent Spears, who organized the sting operation, testified defendants would know they were transporting heroin because agents would tell them. [DE #721 77:12-25 – 78:1-12]. In fact, Undercover Agent Lisa told defendant on August 20, 2014, "we just started moving H." [DE #727 122:1-17; Gov. Ex. 23]. However, this court previously held the statement "we just started moving H," to be insufficient, standing alone, to establish the required specific intent of the defendant to transport heroin on the August 20, 2014 trip of Count 28, and therefore entered a judgment of acquittal as to Count 28. [DE #727 196:15-18].

Defendant now post-verdict correctly points out to the court there was no other evidence of specific intent as to Count 33. In other words, no additional evidence to prove the specific intent element was introduced at trial regarding defendant's intent as to the October 22, 2014 trip. There was no evidence of any communication between defendant and any of the agents between the August 20, 2014 and October 22, 2014 trips. [DE #721 84:14-17]. The government did not introduce recordings of conversations between co-defendants and defendant as no recording devices were

planted on any of the targets of the investigation. [DE #721 74:10-21]. Undercover Agent Lisa testified she never mentioned heroin or any other term instead of heroin to the defendant or any other co-defendants on October 22, 2014. [DE #722 90:21 - 91:1]. The defendant and two of his co-defendants, Kavon Phillips and Crystal Pierce, testified they did not know they were transporting purported heroin on October 22, 2014. [DE #727 7:1-23, 70:20-22, 102:8-15, 160:1-12]. Co-defendant Adrienne Moody testified she thought they were transporting cocaine early on, and only thought heroin was being transported on the March 26, 2015 trip. [DE #727 175:5-21].

While the government points to plentiful circumstantial evidence to prove defendant knew he was transporting narcotics illegally, [DE #817 at 5-7], the government points to no other evidence of defendant being informed in any manner the purported drugs on October 22 were heroin. The government provides evidence of knowledge of narcotics generally by evidence of a "cover story" and "fake bill of sale," [DE #722 13:2-13] and loading and unloading of packages on October 22, 2014 in front of defendant into the hidden compartment of the transport vehicle. [DE #722 15:8-25 - 18:1-11]. While the government argues the defendant could know it was heroin by the color of the packaging, Undercover Agent Lisa testified she did not tell defendant that "brown" meant

heroin, and "green" meant cocaine, until the March 26, 2015 trip. [DE #725 7:15-25 - 9:1]. The government also argues defendant was not surprised they were going to move a "million dollars' worth of heroin" when he was told in March, but this tenuous inference is not enough to show specific intent of a crime committed months earlier. Additionally, defendant's statement that he had given a gun to another co-defendant once again proves evidence of illegal activity, but not the specific intent for the crime charged.

Additionally, the "lack of shock" of defendant to Undercover Agent Lisa's March 26, 2015 trip comment that they would be moving a million dollars' worth of heroin and the subsequent gun comment by defendant did not occur in the exact manner described. A review of the record reveals the evidence shows that after Undercover Agent Lisa made her comment, Undercover Agent Kei said "[h]e took care of her," prompting defendant to affirm he had given a gun to a co-defendant. [DE #725 68:23-25 - 69:1-20].

Finally, the government points to the testimony of Agent Spears and Undercover Agent Lisa that the drugs transported on October 22 were heroin as well as Undercover Agent Kei's testimony that the purported drugs transported on August 20 were heroin. [DE #718 84:12-18; 85:2-11; #722 4:5-13; #725 52:7-12]. However, this evidence does not establish defendant was told or show any

7

belief of the defendant that the drugs on October 22 were specifically heroin.

In summary, as noted above, the only evidence of defendant's knowledge is the comment made to defendant by Undercover Agent Lisa, "we just started moving H," on August 20, 2014. [DE #721 126:22-25 - 127:1-4]. This court has already held, "we just started moving H" was insufficient evidence, standing alone, to establish specific intent of defendant. Finding no evidence was presented by the government that the defendant was told anything else regarding transporting heroin between the August 20, 2014 trip and at any time during the October 22, 2014 trip, the court must also find evidence was insufficient to convict defendant of Count 33. Finding insufficient evidence to support Count 33, the evidence is necessarily insufficient for Count 34.

For these reasons, defendant's renewed motion for judgment of acquittal, [DE #741], is GRANTED as to Counts 33 and 34.

B. Counts 32, 36, and 54

Defendant was convicted by the jury of three counts of Federal Programs Bribery, in violation of 18 U.S.C. § 666(a)(1)(B), one count corresponding to each trip of defendant to Maryland on August 20, 2014; October 22, 2014; and March 26, 2015, respectively, (Counts 32, 36, and 54). Defendant renews his Rule 29 motion, arguing the evidence was insufficient to prove each of the federal

programs bribery counts (Counts 32, 36, and 54), and arguing the guilty verdicts on these three counts should be set aside and a judgment of acquittal entered as to each count.

i. Connection with Any Business of the Town of Windsor

A conviction of Federal Programs Bribery under 18 U.S.C. § 666(a)(1)(B) prohibits accepting a bribe "in connection with the business, transaction, and series of such transactions of such organization, government, or agency." Defendant argues there is no evidence he was engaged in the business of the Town of Windsor, as "protecting shipments of purported narcotics," the language used in the indictment, [DE #1 at 35, 39, 57], is not part of the business of the Town of Windsor.

The government responds that enforcing the laws of North Carolina was a function of the defendant as a police officer for the Town of Windsor and thus defendant accepted payment in connection with the business of the Town of Windsor by failing to investigate criminal activity including the transportation of illegal substances. The defendant was also aware the purported drug trafficking organization wanted him to participate specifically because of his position as a police officer, [DE #728 16:2:23], and he carried his badge, employment identification as a Windsor police officer, and his gun on each trip. [DE #727 40:16-22; 110:2-21; 128:17-21]. Defendant also was arrested with

9

his police officer's badge and two firearms. [DE #725 107:2-20]. Defendant's identification card as a Windsor Police Officer provided in part "[t]his is to certify that Antonio Tillmon whose photo appears hereon this card is an appointed Police Officer for the Town of Windsor, and such is charged with the duty of investigating violators of the law of the State of North Carolina…." [Gov. Ex. 193]. Therefore, there is sufficient evidence from which a jury could find defendant was a police officer for the Town of Windsor, and in failing to investigate or enforce the laws of North Carolina regarding a purported drug trafficking organization, and in fact accepting a bribe, he accepted a bribe in connection with the business of the Town of Windsor.

Defendant argues he was not charged in the indictment as an agent of the State of North Carolina, but rather as a police officer of the Town of Windsor. Further, defendant contends the indictment language does not state the business of the Town of Windsor included enforcement of the laws of North Carolina, or failure to investigate criminal activity as a police officer, but instead states "protecting shipments of purported narcotics." [DE #1 at 35, 39, 57]. Further, defendant states this theory was not alleged in the indictment and therefore could not constitute the basis for conviction. See United States v. Floresca, 38 F.3d 706,

10

710 (4th Cir. 1994) (impermissible constructive amendment of indictment occurs when government, through evidence or argument, "broadens the possible bases for conviction beyond those presented by the grand jury.") Defendant contends this role of the defendant as a police officer was restricted to the geographic town limits, and none of the charged activity occurred within the Town of Windsor.

The government argues, and the court agrees, that this reading of the indictment strains common sense. The Supreme Court warned in Salinas v. United States, 522 U.S. 52, 57-58 (1997), against narrow interpretation of the federal programs bribery statute and noted that it was "designed to extend federal bribery prohibitions to bribes offered to state and local officials employed by agencies receiving federal funds." Therefore, the evidence was sufficient to show defendant, as a police officer for the Town of Windsor, accepted payment in connection with the business of the Town of Windsor when he failed to faithfully execute his duties as a police officer regarding the purported drug trafficking organization.

    ii.  Value of $5,000 or More

Defendant also argues the government did not show sufficient evidence that defendant received a value of $5,000 or more for any one specific trip and such evidence was required for proving federal programs bribery. A conviction of Federal Programs Bribery

11

under 18 U.S.C. § 666(a)(1)(B) requires "accept[ing] or agree[ing] to accept, anything of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of such organization, government, or agency involving any thing of value of $5,000 or more." "Thus, the bribe can be 'anything of value' – it need not be worth $5,000." United States v. Fernandez, 722 F.3d 1, 13 (1st Cir. 2013). The requirement of $5,000 refers to the subject matter of the bribe. Id. (citing United States v. Robinson, 663 F.3d 265, 271 (7th Cir. 2011); see also United States v. Duvall, 846 F.2d 966, 976 (5th Cir. 1988) ("[I]t is clear that the $5000 figure qualifies the transactions or series of transactions that the recipient of the bribe carries out in exchange for receiving 'anything of value.' The wording of the section does not place a value on the bribe…").

However, where the value of the subject matter is not easily ascertained, courts have used the bribe amount as a substitute for the value of the subject matter of the bribe, providing at least "a floor for the valuation question." Robinson, 663 F.3d at 275. Evidence shows the defendant and his co-defendants were cumulatively paid $14,000 or more for each trip. [DE #718 78:17-24; 88:6-11; DE #721 21:12-19]. Thus, using this value as a proxy for the value of the subject matter, as contemplated in Robinson,

12

the value of the drugs transported per trip was at least $14,000. Additionally, at the March 26, 2015 trip, Undercover Agent Lisa stated they were moving "a million dollars worth" of illegal narcotics. [DE #725 68:23-25 – 69:1-20]. Therefore, this argument fails because the evidence was sufficient to support a finding of value of the subject matter being at least $5,000.

    iii. Federal Funds of At Least $10,000

Defendant further argues the court impermissibly admitted testimony of Mayor Hoggard that the Town of Windsor received at least $10,000 in federal funds in the relevant time period. While Mayor Hoggard testified he did not know the exact amount that the Town of Windsor received in federal funds, he did state that the Town received in excess of $200,000 in federal and state funds, and that the majority of that money was federal funding. Even at 51%, the majority of $200,000 would be in excess of $10,000. Therefore, when the government on re-direct asked Mayor Hoggard if the Town received at least $10,000 in federal funding, the testimony was admissible. There was sufficient evidence from which a jury could find the Town received in excess of $10,000 in federal funds.

Defendant's argument therefore, that he could not be found guilty of federal programs bribery, fails as the evidence was sufficient for a jury to convict defendant of Counts 32, 36, and

13

54. Defendant's Renewed Motion for Acquittal as to Counts 32, 36, and 54 is DENIED.

### C. Counts 1, 2, 48, and 49

Defendant was convicted by a jury of Conspiracy to Distribute and Possess with Intent to Distribute More Than One Kilogram of Heroin, in Violation of 21 U.S.C. § 841(a)(1) and § 846 (Count 1); Conspiracy to Use and Carry Firearms During and in Relation to the Drug Trafficking Crime Charged in Count 1, and to Possess Said Firearms in Furtherance of Said Drug Trafficking Crime, in Violation of 18 U.S.C. § 924(o) (Count 2); Attempted Possession with Intent to Distribute One Kilogram or More of a Mixture or Substance Containing a Detectable Amount of Heroin, on or about March 26, 2015, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i), and § 846 (Count 48), and Using and Carrying a Firearm During and in Relation to a Drug Trafficking Crime Charged in Count 48 and Possessing Said Firearm in Furtherance of Said Drug Trafficking Crime on or about March 26, 2015, in Violation of 18 U.S.C. §§ 924(c)(1)(A) (Count 49).

Defendant renews his Rule 29 motion for judgment of acquittal, arguing the evidence is insufficient to establish knowledge of conspiracy or the purpose of the conspiracy to distribute and possess with intent to distribute heroin in Count 1, and the evidence is necessarily insufficient to support a conviction under

14

Count 2. Defendant also argues the evidence is insufficient to establish specific intent on the part of defendant to commit the crime charged in Count 48, and the evidence is necessarily insufficient to support a conviction under Count 49.

However, the court finds sufficient evidence for each element of the counts discussed above. Notably, the court finds the statement by Undercover Agent Lisa to defendant that they were moving "a million dollars' worth of heroin" on March 26, 2015, is sufficient evidence for a reasonable juror to conclude that defendant knew and understood upon hearing Undercover Agent Lisa's remark that they were moving heroin on March 26, 2015, the date in question of Count 48 and part of the conspiracy charged in Count 1. [DE #725 52:7-12]. The defendant was also told on March 26, 2015, that "brown" was going to New York and "green" was going to Chicago. [DE #725 7:7-25 – 8:1-14]. Undercover Agent Lisa pointed to the brown packages when she mentioned that it was a million dollars' worth of heroin. [DE #725 8:1-4]. A reasonable juror could have found the defendant had knowledge of the conspiracy to distribute and possess with intent to distribute heroin after hearing the statement of Undercover Agent Lisa and observing the coloration of the packages. Therefore, defendant's renewed motion for judgment of acquittal as to Counts 1, 2, 48, and 49 is DENIED.

**Motion for New Trial**

**I.  Standard of Review**

Also before the court is defendant's motion for a new trial pursuant to Federal Rule of Criminal Procedure 33. Rule 33 of the Federal Rules of Criminal Procedure empowers the court to vacate a jury's verdict and order a new trial "if the interest of justice so requires." Fed R. Crim. P. 33(a). In ruling on a motion for new trial under Rule 33, a trial court's authority is broader than when ruling on a motion for judgment of acquittal under Rule 29. Under Rule 33, the court may evaluate the credibility of the witnesses and is not bound by the requirement that it view the evidence in the light most favorable to the government. The court should grant a new trial, "[w]hen the evidence weighs so heavily against the verdict that it would be unjust to enter judgment." United States v. Arrington, 757 F.2d 1484, 1485 (4th Cir. 1985). Despite this broader authority, "the trial court's discretion should be used sparingly, and a new trial should be granted only when the evidence weighs heavily against the verdict." Id. at 1486 (citing 3 Wright Federal Practice and Procedure § 353 (1982)).

**II.  Counts 33 and 34**

This court held, supra, that a judgment of acquittal should be entered for defendant on Counts 33 and 34. Pursuant to Federal

16

Rule of Criminal Procedure 29(d)(1), "[i]f the court enters a judgment of acquittal after a guilty verdict, the court must also conditionally determine whether any motion for a new trial should be granted if the judgment of acquittal is later vacated or reversed." Fed. R. Crim. Pro. 29(d)(1). In consideration of the lack of sufficient evidence to support a guilty verdict as to Counts 33 and 34 regarding the defendant's belief that the drugs transported were heroin, the court hereby conditionally grants a new trial as to Counts 33 and 34, if the judgment of acquittal were to be later vacated or reversed by the Fourth Circuit Court of Appeals.

### III. Remaining Counts of Conviction

Defendant also moves for a new trial on the remaining seven counts of conviction, to wit Counts 1, 2, 32, 36, 48, 49, and 54, arguing the court erred in admitting the video evidence and transcript evidence of a conversation between defendant and Undercover Agent Tee on March 26, 2015, in which firearms and Undercover Agent Tee's purported plans regarding a murder were discussed. Defendant argues the video evidence was unfairly prejudicial and irrelevant to the charged conduct in that there was nothing relevant to the defendant's participation in the purported drug trafficking organization in the portion of the conversation regarding guns and murder plans. The government

17

responds the evidence was properly admitted as evidence of the bribe payment and to "complete the story" under the theory of res gestae. See United States v. Masters, 622 F.2d 83, 86 (4th Cir. 1980); see also United States v. Brewer, 1 F.3d 1430, 1436 (4th Cir. 1993). The court finds defendant's argument to be without merit. Furthermore, the court has carefully considered all the evidence in light of the authority granted this court by Rule 33 of the Federal Rules of Criminal Procedure and finds that the weight of the evidence supports the remaining seven verdicts of guilty. Therefore, the defendant's motion for a new trial, [DE #743], is GRANTED IN PART AND DENIED IN PART.

## CONCLUSION

For the foregoing reasons, Defendant's Renewed Motion for Judgment of Acquittal, [DE #741], is GRANTED as to Counts 33 and 34, AND DENIED as to all other counts, and Motion for a New Trial, [DE #743], is CONDITIONALLY GRANTED as to Counts 33 and 34, AND DENIED as to all other counts. Defendant's Unopposed Motion for Leave to File a Reply, [DE #818], is GRANTED. Accordingly, the guilty verdict as to Counts 33 and 34 is hereby set aside and an acquittal is hereby entered as to Counts 33 and 34. Sentencing

remains scheduled for this court's September 12, 2017 term on the remaining counts of conviction.

This 6TH day of September 2017.

                                                  Malcolm J. Howard
                                                  Senior United States District Judge

At Greenville, NC
#35